JS 44 (Rev 02/19)

# CIVIL COVER SHEET

19-5601

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

19 5601

## I. (a) PLAINTIFFS
Bozzuto Management Company
6406 Ivy Lane, Suite 700, Greenbelt, MD 20770

**(b)** County of Residence of First Listed Plaintiff   Prince George, Maryland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Morton R. Branzburg, Esquire 24477   Tel.: 215-569-3007
Klehr Harrison Harvey Branzburg LLP
1835 Market St., Suite 1400, Philadelphia, PA 19103

## DEFENDANTS
CP Acquisitions 10, LP and CI 6E Lancaster Avenue Associates LP
18 East Lancaster Avenue, Wynnewood, PA 19096

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine — ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 840 Trademark | ☐ 460 Deportation / ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending |  | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
|  |  |  |  | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights — **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  |  | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | **Other:** ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  |  / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
28 U.S.C. Sec 1332

Brief description of cause:
breach of contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
170,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

NOV 27 2019

DATE
11/27/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19    5601

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Bozzuto Management Company, 6406 Ivy Lane, Suite 700, Greenbelt, MD 20770

Address of Defendant: CP Acquisition 10 LP and CI 6E Lancaster Avenue Associates LP, 18 East Lancaster Avenue, Wynnewood, PA 19096

Place of Accident, Incident or Transaction: 18 East Lancaster Avenue, Wynnewood, PA 19096

---

**RELATED CASE, IF ANY:**

Case Number _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/27/2019        /s/ _____        24477
                        Attorney-at-Law / Pro Se Plaintiff        Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify)* _____

**B. Diversity Jurisdiction Cases:**
☑ 1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Morton R. Branzburg, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

NOV 27 2019

DATE: 11/27/2019        /s/ _____        24477
                        Attorney-at-Law / Pro Se Plaintiff        Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Bozzuto Management Company | : | CIVIL ACTION |
| v. | : | |
| CP Acquisitions 10, LP and CI 6E Lancaster Avenue Associates LP | : | NO. **19 5601** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| | | |
|---|---|---|
| 11/27/2019 | _[signature]_ | Morton R. Branzburg |
| **Date** | **Attorney-at-law** | **Attorney for** plaintiff |
| 215-569-3007 | 215-568-6603 | mbranzburg@klehr.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 27 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOZZUTO MANAGEMENT COMPANY** <br> 6406 Ivy Lane, Suite 700 <br> Greenbelt, Maryland 20770 <br><br> Plaintiff, <br><br> v. <br><br> **CP ACQUISITIONS 10, LP** <br> 18 East Lancaster Avenue <br> Wynnewood, PA 19096 <br><br> And <br><br> **CI 6E LANCASTER AVENUE ASSOCIATES LP** <br> 18 East Lancaster Avenue <br> Wynnewood, PA 19096 <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Action No. _____ <br><br><br> JURY TRIAL DEMANDED |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Bozzuto Management Company ("Bozzuto"), by its undersigned attorneys, sues CP Acquisitions 10, LP and CI 6E Lancaster Avenue Associates, LP ("Defendants") and alleges, upon knowledge as to itself and upon information and belief as to all other matters, as follows:

## PARTIES

1. Plaintiff Bozzuto is a Maryland Corporation with its place of business at 6406 Ivy Lane, Suite 700, Greenbelt, Maryland 20770. Bozzuto is a citizen of the State of Maryland. Bozzuto is in the business of residential real estate management with a focus on multifamily housing developments.

#572569v2

2. CI 6E Lancaster Avenue Associates, LP ("The Palmer") is a Pennsylvania Limited Partnership with its place of business at 18 East Lancaster Avenue, Wynnewood, PA 19096. The sole general partner of this entity is CI 6E Lancaster Avenue LLC, a Pennsylvania limited liability company located at 200 Four Falls Corporate Center Suite 315 West, Conshohocken PA 19428. Defendant owns and operates a residential multifamily housing building located at 18 East Lancaster Avenue, Wynnewood, PA 19096 and doing business as "The Palmer."

3. Defendant CP Acquisitions 10, LP ("The Square") is a Pennsylvania Limited Partnership with its place of business at 18 East Lancaster Avenue, Wynnewood, PA 19096. The sole general partner of this entity is CP Acquisitions 10 GP, LLC, a Pennsylvania entity located at One Bala Avenue, Suite 502 Bala Cynwyd PA 19004 Montgomery. Defendant owns and operates a residential multifamily housing building located at 110 Sibley Ave, Ardmore, PA 19003 and doing business as "The Square."

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because the Plaintiff and Defendants are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs. Specifically, Plaintiff is a citizen of the State of Maryland, and Defendants (and their sole general partners) are citizens of the Commonwealth of Pennsylvania. Upon information and belief, there are no limited partners for the defendants that are citizens of the State of Maryland.

5. The claims against The Square and The Palmer arise out of the same series of transactions or occurrences, and questions of law and fact common to both defendants will arise in the action.

6. This Court has personal jurisdiction over the parties by virtue of their transacting business within the district.

7. Venue is proper in this Court under 28 U.S.C. § 1391(a).

## FACTS

### A. The Palmer

8. On November 21, 2016, The Palmer entered into a Property Management Agreement ("PMA I"), with Plaintiff Bozzuto Management Company pursuant to which The Palmer hired Bozzuto to provide property management services at The Palmer.

9. Pursuant to PMA I, The Palmer agreed to compensate Bozzuto Management for its Management Services pursuant to a contractual formula. The contract defines the total compensation owed as the Management Fee, and it includes among other things a percentage of adjusted gross receipts for the property, and reimbursement for expenses incurred by Bozzuto, including employee salaries.

10. The PMA I provides that The Palmer would make payment for Buzzuto's compensation and reimbursement on a monthly basis before the 10th day of the month after Bozzuto earned the compensation and incurred the reimbursable expenses.

11. The PMA I provides that The Palmer would be liable for interest for overdue payments at a rate of 12% annum.

12. The PMA I provides that the successful party in any action or proceeding brought to enforce its terms and provisions is entitled to reasonable attorneys' fees.

13. Bozzuto provided regular invoices for the services it provided pursuant to the PMA I.

14. Beginning in February 2019, The Palmer began to fall behind on invoices for

payment owed to Bozzuto.

15. Since February 2019, The Palmer has failed to pay more than seventeen (17) invoices, including invoices for the Management Fee, Marketing, Payroll, and Technology.

16. As of October 31, 2019, the principal amount owed to Bozzuto by The Palmer was $89,327.20.

17. As of October 31, 2019, The Palmer further owed interest in the amount of $5,954.42. The amount of interest owed continues to accrue at 12% per annum.

18. In addition, The Palmer is responsible for reimbursing Bozzuto for the reasonable fees and costs incurred as a result of The Palmers default under PMA I.

19. The Palmer terminated Bozzuto as the manager of the property in or around May 2019, and replaced Bozzuto with a management company affiliated with the owners of The Palmer.

### B. The Square

20. On November 21, 2016, The Square entered into a Property Management Agreement (the "PMA II") with Plaintiff Bozzuto Management Company, pursuant to which Defendant hired Bozzuto to provide property management services at The Square. The terms of the PMA II are almost identical to the terms of the PMA I.

21. Pursuant to PMA II, The Square agreed to compensate Bozzuto Management for its Management Services pursuant to a contractual formula. The contract defines the total compensation owed as the Management Fee, and it includes among other things a percentage of adjusted gross receipts for the property, and reimbursement for expenses incurred by Bozzuto, including employee salaries.

22. The PMA II provides that The Square would make payment for Bozzuto's

compensation and reimbursement on a monthly basis before the 10th day of the month after Bozzuto earned the compensation and incurred the reimbursable expenses.

23. The PMA II provides that The Square would be liable for interest for overdue payments at a rate of 12% annum.

24. The PMA II provides that the successful party in any action or proceeding brought to enforce its terms and provisions is entitled to reasonable attorneys' fees.

25. Bozzuto provided regular invoices for the services it provided pursuant to the PMA II.

26. Beginning in October 2018, The Square began to fall behind on invoices for payment owed to Bozzuto.

27. Since October 18, The Square has failed to pay more than seventeen (17) invoices, including invoices for the Management Fee, Marketing, Payroll, and Technology.

28. As of October 31, 2019, the principal amount owed to Bozzuto by The Square was $59,031.15.

29. As of October 31, 2019, The Square further owed interest in the amount of $3,931.35. The amount of interest owed continues to accrue at 12% per annum.

30. In addition, The Square is responsible for reimbursing Bozzuto for reasonable fees and costs incurred as a result of The Square's default under PMA II.

31. The Square terminated Bozzuto and replaced Bozzuto with a management company affiliated with the owners of The Square and The Palmer.

### C. Bozzuto's Attempts to Collect The Amounts Owed

32. Despite Bozzuto's good faith and significant expenditures of time and resources, Defendants have failed to pay Bozzuto.

33. A representative of Defendants asked Bozzuto in December 2018 to "waive management fees" for the early months of 2019. Bozzuto declined to do so.

34. Bozzuto has consistently requested payment of the outstanding amounts.

35. Bozzuto fully performed its services under the PMAs and did not breach those agreements.

36. Pursuant to the PMAs, Defendants are responsible for the timely payment of fees, accrued default interest, and Bozzuto's legal fees.

### Count I – Breach of Contract – The Palmer
### (Against CI 6E Lancaster Avenue Associates LP)

37. Bozzuto repeats the allegations contained in paragraphs 1 through 36.

38. Pursuant to the terms of PMA I, The Palmer owed a duty to make timely payments of invoices from Bozzuto.

39. The Palmer has failed to make payment of the amounts owed to Bozzuto.

40. The Palmer's failure to pay Bozzuto is a breach of the PMA I.

41. As a result of this breach, Bozzuto is entitled to payment of the principal of the invoices, interest, costs, and attorneys' fees.

42. The total amount of principal owed is $89,327.20. Interest in an amount in excess of $6,000 has accrued and continues to accrue.

43. In addition, The Palmer is obligated to reimburse Bozzuto for its reasonable fees and costs.

WHEREFORE, Plaintiff Bozzuto Management Company requests that judgment be entered against Defendant CI 6E Lancaster Avenue Associates LP in an amount in excess of $95,000.00 to be calculated by the Court, to include the principal sum owed, applicable interest,

late charges, costs and expenses in connection with this action, including reasonable attorneys' fees, and that the Court grant such other and further relief as it deem to be just and proper.

### Count II – Breach of Contract – The Square
(Against CP Acquisitions 10, LP)

44. Bozzuto repeats the allegations contained in paragraphs 1 through 43.

45. Pursuant to the terms of PMA II, The Square owed a duty to make timely payments of invoices from Bozzuto.

46. The Square has failed to make payment of the amounts owed to Bozzuto.

47. The Square's failure to pay Bozzuto is a breach of the PMA II.

48. As a result of this breach, Bozzuto is entitled to payment of the principal of the invoices, interest, costs, and attorneys' fees.

49. The total amount of principal owed is $59,031.15. Interest in an amount in excess of $4,000 has accrued and continues to accrue.

50. In addition, The Square is obligated to reimburse Bozzuto for its reasonable fees and costs which exceeds $12,500.00.

WHEREFORE, Plaintiff Bozzuto Management Company requests that judgment be entered against Defendant CP Acquisitions 10, LP in an amount in excess of $75,000.00 to be calculated by the Court, to include the principal sum owed, applicable interest, late charges, costs and expenses in connection with this action, including reasonable attorneys' fees, and that the Court grant such other and further relief as it deem to be just and proper.

### Count III – Unjust Enrichment – The Palmer
(Against CI 6E Lancaster Avenue Associates LP)
(In the Alternative)

51. Bozzuto repeats the allegations contained in paragraphs 1 through 50.

52. Bozzuto conferred a benefit to The Palmer by providing The Palmer with professional property management services.

53. The Palmer appreciated the benefits provided to it by Bozzuto by accepting and using services supplied by Bozzuto in connection with The Palmer's business.

54. Bozzuto expected remuneration from The Palmer for supplying its services.

55. Despite repeated demand, The Palmer failed to pay for the professional services by Bozzuto.

56. The reasonable and fair value of the professional services provided by Bozzuto to The Palmer that remain outstanding is $89,327.20, plus interest in excess of $6,000.

57. By accepting the professional services of Bozzuto and not paying Bozzuto for them, The Palmer has been unjustly enriched at Bozzuto's expense, thereby damaging Bozzuto.

58. Given the foregoing, it would be inequitable for The Palmer to retain the benefits Bozzuto's services without payment of their value.

WHEREFORE, Plaintiff Bozzuto Management Company requests that judgment be entered against Defendant CI 6E Lancaster Avenue Associates LP in an amount in excess of $95,000 to be calculated by the Court, to include the principal sum owed, applicable interest, late charges, costs and expenses in connection with this action, including reasonable attorneys' fees, and that the Court grant such other and further relief as it deem to be just and proper.

### Count IV – Unjust Enrichment – The Square
### (Against CP Acquisitions 10, LP)
### (In the Alternative)

59. Bozzuto repeats the allegations contained in paragraphs 1 through 58.

60. Bozzuto conferred a benefit to The Square by providing the same with professional property management services.

61. The Square appreciated the benefits provided to it by Bozzuto by accepting and using services supplied by Bozzuto in connection with The Square's business.

62. Bozzuto expected remuneration from The Square for supplying its services.

63. Despite repeated demand, The Square failed to pay for the professional services by Bozzuto.

64. The reasonable and fair value of the professional services provided by Bozzuto to The Square that remain outstanding is $59,031.15, plus interest in excess of $4,000.

65. By accepting the professional services of Bozzuto and not paying Bozzuto for them, The Square has been unjustly enriched at Bozzuto's expense, thereby damaging Bozzuto.

66. Given the foregoing, it would be inequitable for The Square to retain the benefits Bozzuto's services without payment of their value.

WHEREFORE, Plaintiff Bozzuto Management Company requests that judgment be entered against Defendant CP Acquisitions 10, LP in an amount in excess of $75,000 to be calculated by the Court, to include the principal sum owed, applicable interest, late charges, costs and expenses in connection with this action, including reasonable attorneys' fees, and that the Court grant such other and further relief as it deem to be just and proper.

### Count V – Account Stated – The Palmer
### (Against CI 6E Lancaster Avenue Associates LP)

67. Bozzuto repeats the allegations contained in paragraphs 1 through 66.

68. Bozzuto had an ongoing business relationship with The Palmer pursuant to which Bozzuto provided professional property management services pursuant to a Property Management Agreement.

69. Bozzuto invoiced The Palmer for its professional services.

70. Upon information and belief, The Palmer had an opportunity to review the invoices issued by Bozzuto and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

71. The Palmer received and accepted the invoices sent by Bozzuto.

72. The Palmer did not provide any timely or meaningful objection to the amounts set forth in Bozzuto's invoices.

73. Despite repeated demands, The Palmer has failed to pay Bozzuto the total amounts due as invoiced and a balance remains due.

74. As a direct and proximate result of The Palmer's failure to pay its accounts as stated, Bozzuto has been damaged in the amount of $89,327.20, plus interest in excess of $6,000, and attorneys' fees and costs.

WHEREFORE, Plaintiff Bozzuto Management Company requests that judgment be entered against Defendant CI 6E Lancaster Avenue Associates LP in an amount in excess of $95,000 to be calculated by the Court, to include the principal sum owed, applicable interest, late charges, costs and expenses in connection with this action, including reasonable attorneys' fees, and that the Court grant such other and further relief as it deem to be just and proper.

**Count VI – Account Stated – The Square**
**(Against CP Acquisitions 10, LP)**

75. Bozzuto repeats the allegations contained in paragraphs 1 through 74.

76. Bozzuto had an ongoing business relationship with The Square pursuant to which Bozzuto provided professional property management services pursuant to a Property Management Agreement.

77. Bozzuto invoiced The Square for its professional services.

78. Upon information and belief, The Square had an opportunity to review the invoices issued by Bozzuto and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

79. The Square received and accepted the invoices sent by Bozzuto.

80. The Square did not provide any timely or meaningful objection to the amounts set forth in Bozzuto's invoices.

81. Despite repeated demands, The Square has failed to pay Bozzuto the total amounts due as invoiced and a balance remains due.

82. As a direct and proximate result of The Square's failure to pay its accounts as stated, Bozzuto has been damaged in the amount of $59,031.15, plus interest in excess of $4,000 and attorneys' fees and costs.

WHEREFORE, Plaintiff Bozzuto Management Company requests that judgment be entered against Defendant CP Acquisitions 10, LP in an amount in excess of $75,000.00 to be calculated by the Court, to include the principal sum owed, applicable interest, late charges, costs and expenses in connection with this action, including reasonable attorneys' fees, and that the Court grant such other and further relief as it deem to be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

                                                           KLEHR | HARRISON | HARVEY | BRANZBURG LLP

Dated: Nov. 27, 2019            By: _____
                                                           Morton R. Branzburg (24477)
                                                           1835 Market Street, Suite 1400
                                                           Philadelphia, PA  19103
                                                           Phone: 215-569-2700
                                                           Facsimile: 215-568-6603
                                                           *Attorneys for Plaintiff*